18-2988-cv
*Donohue v. Wing*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand nineteen.

PRESENT: AMALYA L. KEARSE,
RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JENNIFER DONOHUE, individually and
as the Administratrix of the ESTATE OF
SCOTT DONOHUE,
*Plaintiff-Appellant,*

v.                                                    18-2988-cv

JOSEPH WING, MICHAEL MCGOWAN,
individually and in their official capacity,
INCORPORATED VILLAGE OF
HEMPSTEAD,
*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: MATTHEW WEINICK, Famighetti & Weinick, PLLC, Melville, New York.

FOR DEFENDANTS-APPELLEES: RICHARD S. FINKEL, Bond, Schoeneck & King PLLC, Garden City, New York.

Appeal from the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Jennifer Donohue appeals from the judgment of the district court entered September 18, 2018, granting the motion of defendants-appellees the Village of Hempstead and Police Chiefs Joseph Wing and Michael McGowan of the Village of Hempstead Police Department ("VHPD") in their individual and official capacities (collectively, "defendants") to dismiss her complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. By order entered September 17, 2018, the district court adopted a report and recommendation of a magistrate judge (Tomlinson, *M.J.*) recommending that defendants' motion to dismiss be granted.

Mrs. Donohue is the widow of Lieutenant Scott Donohue, formerly of the VHPD. She brought this action under 42 U.S.C. § 1983 in her individual capacity and as the administratrix of the Estate of Lieutenant Donohue. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As alleged in the complaint, the facts are as follows:   In July 2009, Lieutenant Donohue was involved in a vehicle collision while on duty, resulting in injuries to his neck, back, and shoulder.   Due to his injuries, he was unable to return to his previous position.   Pursuant to VHPD's "restriction to residence" policy, he was restricted to his residence during the workweek between the hours of 9 a.m. and 5 p.m. He remained employed by VHPD and was subject to the restriction to residence policy for almost seven years, in part because he was not offered a light duty position with CHPD, was reluctant to retire under the normal VHPD retirement package, and hoped to become eligible for the superior disability benefits offered by the State of New York.

After several years of being restricted to his residence, Lieutenant Donohue began to experience insomnia, loss of appetite, weight loss, and general malaise.   He briefly sought help through Mrs. Donohue's employer, but he refused to see a private therapist because that treatment would be billed through VHPD, and he did not want VHPD to know he was seeking psychiatric help.   This decision was motivated in part by VHPD's weapon removal policy, pursuant to which officers who report mental health issues risk having their weapons privileges revoked.   On September 12, 2016, Lieutenant Donohue took his own life.

The complaint alleges that defendants violated Lieutenant Donohue's substantive due process rights by creating or increasing the risk that he would commit suicide.[1]

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The substantive component of the Due Process Clause "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (internal quotation marks omitted). Although due process "does not transform every tort committed by a state actor into a constitutional violation," *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 202 (1989), we have recognized that in certain "exceptional circumstances" a state actor may be under an affirmative constitutional obligation to protect an individual, including where "the government entity itself has

---

[1] Mrs. Donohue has abandoned her assertion that defendants violated her substantive Due Process right to intimate association with her husband.

4

created or increased the danger to the individual," *Ying Jing Gan v. City of New York*, 996 F.2d 522, 533 (2d Cir. 1993).[2]

To fall within the state-created danger exception, (1) a government official must "take[] an affirmative act that creates an opportunity for a third party to harm a victim (or increases the risk of such harm)," *Lombardi v. Whitman*, 485 F.3d 73, 80 (2d Cir. 2007), and (2) the "government action [must be] so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience," *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005) (internal quotation marks omitted).

Mrs. Donohue contends she has adequately pled affirmative acts because VHPD adopted a policy requiring the removal of weapons from officers who report mental health issues, which she alleges implicitly communicates to police officers that they should not seek psychiatric help. She "[does] not criticiz[e] the weapon removal policy in and of itself" and concedes that "this policy may very well serve a legitimate and necessary purpose." Appellant's Br. at 22 n.2. Instead, she argues that VHPD "cannot implement a policy to address one danger while ignoring the other dangers they know will arise from the policy." *Id.* But "[t]he Due Process Clause is not a guarantee against incorrect or ill-advised personnel decisions. Nor does it guarantee

---

[2]    Mrs. Donohue has abandoned her argument that defendants had an affirmative obligation to protect her husband by virtue of the "special relationship" exception, which imposes such a duty when there is a "special relationship" between a state actor and the plaintiff. *See, e.g.*, *Ying Jing Gan*, 996 F.2d at 533.

municipal employees a workplace that is free of unreasonable risks of harm."  *Collins*, 503 U.S. at 129 (citation and internal quotation marks omitted).   VHPD's adoption of the weapons policy was plainly not "conduct intended to injure in some way unjustifiable by any government interest" and does not "rise to the conscience-shocking level."  *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).   Accordingly, the policy cannot serve as the basis for Mrs. Donohue's substantive due process claim.

Relatedly, Mrs. Donohue argues that defendants' failure to adopt policies that could have mitigated any harm inherent in the weapons policy constitutes an affirmative act actionable as a substantive due process violation.   But as the district court held, "the affirmative decision not to implement policies to facilitate mental health treatment and to alleviate the stigma surrounding such treatment . . . is more akin to passive inaction since Plaintiffs allege Defendants failed to implement certain policies that would reduce the risk of suicide."  *Donohue v. Wing*, No. 17-3870, 2018 WL 3973012, at *9 (E.D.N.Y. Aug. 17, 2018), *adopted by* 2018 WL 4425942 (E.D.N.Y. Sept. 17, 2018). Although alleged deliberate indifference of state actors may in some circumstances rise to a conscience-shocking level, this ordinarily is not so when the defendants are "subject to the pull of competing obligations."  *Lombardi*, 485 F.3d at 83; *see also Collins*, 503 U.S. at 128-29 ("Decisions concerning the allocation of resources to individual programs . . . and to particular aspects of those programs, such as the training and compensation of employees, involve a host of policy choices that must be made by locally elected

6

representatives, rather than by federal judges interpreting the basic charter of Government for the entire country."). Here, the pull of competing obligations that led to the weapons removal policy is evidenced by Mrs. Donohue's recognition that the policy "may very well serve a legitimate and necessary purpose." Appellant's Br. at 22 n.2. The district court properly dismissed this claim.

The only remaining allegation of an affirmative act on the part of VHPD is that it confined Lieutenant Donohue to his home pursuant to the restriction to residence policy and disciplined him for violating that policy. For nearly seven years, Lieutenant Donohue voluntarily chose to remain an employee of VHPD and to abide by its policies, including its policy of home confinement for employees on sick leave. While Lieutenant Donohue's decision not to retire was understandable in light of the superior benefits he sought to receive from the State of New York, VHPD's enforcement of the policy was not, by any measure, "conduct intended to injure in some way unjustifiable by any government interest." *See Cty. of Sacramento*, 523 U.S. at 849. Thus, even assuming *arguendo* that self-harm is harm by "a third party to . . . a victim" actionable as a due process violation, *see Lombardi*, 485 F.3d at 80, Lieutenant Donohue's restriction to his home was not so egregious as to shock the contemporary conscience, *see Pena*, 432 F.3d at 112. The district court did not err in granting defendants' motion to dismiss.

\*       \*       \*

We have considered all of Mrs. Donohue's remaining arguments and conclude they are without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court